## JESSE MALCOLM v. STATE.

No. A-8156.   Oct. 2, 1931.
(3 Pac. [2d] 920.)

L. H. Woodyard, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Payne county of maintaining a place where intoxicating liquor was received and kept for the purpose of disposing of the same contrary to the statute, and his punishment fixed by the jury at a fine of $225 and imprisonment in the county jail for 90 days.

The evidence of the state was that defendant had these premises rented and had occupied them for approximately two years; that the officers had a search warrant and on going to the premises found no one at the house; that they posted a copy of the search warrant on the door and proceeded to search the house and barn and outbuildings, but found nothing; that one of the officers followed a path leading from the barn down in the timber; that he heard persons talking, and, on getting closer, saw the defendant and two other negroes busy around a still; that this officer went back and got the other officers and when they got back to the still defendant and one of the other negroes were gone; that they found a still, a ten-gallon keg of whisky, a five-gallon keg about half full, one gallon jug

full and six barrels of mash; that these premises had been previously raided and intoxicating liquor found. Each of the officers testified, without objection on the part of defendant, that he was acquainted with the reputation of the place as being a place where intoxicating liquors were made and kept for sale, and that the reputation was bad.

Defendant contends, first, that this evidence is insufficient to support the verdict of the jury. There is no merit in this contention.

Defendant argues in his brief that the court erred in admitting evidence of the reputation of the place.

The record discloses that the defendant made no objection to the introduction of this evidence at the trial, and does not raise the question of the admissibility of the same in his petition in error in this court.

The state may not show the reputation of a place over the objection of the defendant without first showing that the place is a place of public resort. The defendant may not permit the introduction of this class of evidence without objection and speculate on what the answers may be and when the answers are unfavorable to him, still fail to object or move the court to take the evidence from the jury, and, without any allegation in his petition in error that the evidence was inadmissible, raise any question thereof in this court.

The evidence being sufficient to support the verdict of the jury, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.